UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC DE'JUAN JONES PLAINTIFF

V. CIVIL ACTION NO. 3:13-cv-982-CWR-LRA

E.L. SPARKMAN, ET AL. DEFENDANTS

**REPORT AND RECOMMENDATION**

This cause is before the Court on several motions: Plaintiff's Motion for Discovery [81], Plaintiff's Motion for Partial Summary Judgment [88], Plaintiff's Motion for Summary Judgment [89], the Motion for Summary Judgment filed by Defendants Sparkman, Epps, Cates and Evans [91], the Motion for Summary Judgment filed by Defendant Dunn [93], the Motion for Summary Judgment filed by Defendants Hersey, Walker, Huggins and Shaw [95] and Plaintiff's Motion to Preclude Summary Judgment [100]. Having considered the record in this matter, the undersigned recommends that Plaintiff's motions be denied and that the Complaint be dismissed without prejudice for the following reasons.

**I. Background**

Plaintiff filed this lawsuit *pro se* and pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at the East Mississippi Correctional Facility (EMCF).[1] Specifically, Plaintiff alleges that in July 2012, and again in April 2013, he was administered

[1]Plaintiff was released from EMCF in December 2013, and is not currently incarcerated. [95-2] at 4.

psychotropic drugs by injection against his will and without informed consent. [1], [95-2].[2]

The Court held an omnibus or *Spears* hearing in this matter on April 9, 2014, at which Plaintiff was afforded the opportunity to fully explain his claim.[3] Plaintiff testified that he was forcibly injected with unwanted drugs in July of 2012 and again in April of 2013, and was not provided information regarding the type of drug(s), quantities or intended result. [93-2] at 5-6, 13. Plaintiff testified that the unwanted and unwarranted injections caused him to suffer pain. [93-2] at 13.

In support of their motions, Defendants submitted Plaintiff's medical records, as well as his inmate records.

**II. Exhaustion**

Defendants Hersey, Walker, Huggins and Shaw moved to dismiss this lawsuit because, *inter alia*, Plaintiff failed to comply with available administrative remedies before filing suit. [95]. All Defendants raised exhaustion as a defense to this action. [35, 43, 46]. As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001).

---

[2] Plaintiff's original complaint asserted additional claims regarding earned time. By Order dated November 7, 2012, the Court separated Plaintiff's claims for habeas relief from this case. [1].

[3] *See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

It is undisputed that EMCF had a grievance procedure and that Plaintiff utilized it. In support of their motion, Defendants filed the affidavit of Rebecca Naidow, Administrative Remedy Program (ARP) Coordinator at EMCF, together with a copy of Plaintiff's ARP file. [95-1.] Defendants assert that Plaintiff's ARP file reflects that although he had previously filed a number of grievances regarding other matters in 2012 and early 2013, Plaintiff did not file any grievance regarding forced injections until April 24, 2013, when he complained about the April 23, 2013 injection. [95-1] at 100. However, Plaintiff has filed with the Court a copy of a grievance dated October 4, 2012, which he submitted regarding the July 2012 injection. [6-1] at 21, [18] at 21. This grievance, though, was rejected as unclear. [6-1] at 20, [18] at 20. There is no evidence that Plaintiff re-submitted this grievance and completed the grievance process with respect to the July 2012 injection.

Plaintiff filed two grievances regarding the April 2013 injection. The first was submitted on April 24, 2013, and a second grievance regarding the April 23, 2013 injection was submitted on May 12, 2013. [95-1] at 108, 115. The complaint in this case was originally filed on

November 7, 2012, and Plaintiff's Amended Complaint was filed on February 27, 2013. [2, 18]. Clearly Plaintiff did not exhaust administrative remedies regarding forced medication prior to filing this lawsuit.[4]

In his Motion for Discovery [81], Plaintiff does not seek any discovery relevant to exhaustion. Nor in his Motion to Preclude Summary Judgment [100] does Plaintiff address Defendants' exhaustion defense. Instead Plaintiff argues only the merits of his claim.

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court again confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The PLRA governs Plaintiff's claims. Accordingly, he was required to complete the EMCF's grievance procedure in its entirety before filing suit under Section 1983. The Fifth Circuit has confirmed that the "pre-filing exhaustion of prisoner grievance processes is mandatory," and that "district courts have no discretion to excuse a prisoner's failure to properly exhaust." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam); *see also Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012).

The *Gonzalez* Court specifically stated:

> ... **District courts have no discretion** to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. **Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.**

*Gonzalez*, 702 F.3d at 788 (*emphasis added*). Plaintiff did not exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.

---

[4]In their motion, Defendants also reference Plaintiff's claim of "double celling" set out in his complaint. Plaintiff's ARP file does not reflect any grievance regarding double celling either.

**III. Conclusion**

Because the record clearly reflects that Plaintiff failed to exhaust, and all Defendants raised failure to exhaust as a defense, the undersigned concludes that it is unnecessary to address the merits of Plaintiff's claims.

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff is referred to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and L.U.Civ.R. 72 for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636.

Respectfully submitted, this the 30th day of September, 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE